UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                      Case No. 8:11-cr-356-T-30EAJ

**ANTONIO LEWIS SMITH,**
a/k/a "AMP"
_____/

**ORDER**

This cause comes on for consideration of Defendant Antonio Smith's First Motion in Limine (Seizures from Truck in March 2005) (D-133), Second Motion in Limine (Surveillance Videos from March 2005) (D-134), Fourth Motion in Limine (Southwest Airline Records 1999-2004) (D-136), and the Government's responses in opposition thereto (D-158).

Defendant Smith and co-defendants Derrick Spann, Valarian Brown, and Bibal Francis are charged in a three-count Indictment with conspiracy to possess with the intent to distribute five (5) kilograms of more of a mixture of substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846, conspiracy to possess with the intent to distribute a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii). Trial is

scheduled to commence on December 5, 2011.

Defendant Smith has filed various motions in limine seeking to preclude the Government from introducing certain evidence at trial. Specifically, in his first motion, Defendant seeks to prohibit the Government from introducing evidence relating to a March 2005 seizure of a tractor trailer driven by David Charles Thorbs. Law enforcement, upon searching the tractor trailer, found packages of cocaine were secreted in the air filter and other areas of the tractor trailer. Defendant Smith further seeks to prevent Thorbs, and Thomas Rolle, Jr., who both pled guilty to drug charges in Case No. 8:05-CR-167-T-30TBM, from testifying at trial.

In his second motion in limine, Defendant seeks to exclude from evidence videos depicting surveillance of 1625 Preston Street South in St. Petersburg, Florida, from March 10, 2005. Defendant contends that the videos simply show a number of black adult males entering and leaving the residence and that, to his knowledge, he does not appear in the videos. In his fourth motion in limine, Defendant seeks to exclude from evidence business records from Southwest Airlines relating to the travel of an Antonio Smith from 1999 through 2004. Defendant argues that there is no evidence that he was in fact the person who booked and traveled on the flights.

In essence, Defendant contends that the conspiracy charged in this case did not commence before August 2010, and, as such, all the foregoing evidence is irrelevant. Alternatively, Defendant argues

2

the evidence should be precluded under Rule 403. Defendant additionally argues that introduction of the evidence would violate the five-year limitations period. Finally, Defendant argues that the evidence is impermissible evidence under Rule 404(b).

The Government responds that evidence dating back to 2005 is a part of the charged conspiracy. The Government contends that Defendant Smith and co-defendant Brown were the organizers of a conspiracy that had been ongoing since 2005 and continued through June 2011 when the defendants were arrested. The Government continues that the goal of the conspiracy was to transport cocaine and marijuana from Texas to Florida for distribution.

According to the Government, the surveillance video depicts Defendant Smith and co-conspirators, some of whom were arrested in connection with the 2005 tractor trailer seizure. The Government continues that the March 2005 tractor trailer seizure was a part of the conspiracy, which continued even after the arrests of Thorbs and Rolle.

With regard to the flight information, the Government contends that it will show that Defendant Smith flew back and forth to Texas "around this same time period." It appears that the Government intends to offer the flight records to show that Defendant took these trips in order to procure the drugs and arrange for transportation of them.

Evidence is relevant if it has "any tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Generally, relevant evidence is admissible. Id. However, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

While Defendant contends that the evidence relating to the 2005 truck seizure is related to a different conspiracy that ended in 2005, the existence of a single conspiracy is a question of fact to be determined by the jury. United States v. Richardson, 532 F.3d 1279, 1284 (11th Cir. 2008), cert. denied, 129 S.Ct. 950 (2009). In determining whether a jury could reasonably find the existence of a single conspiracy, the court considers: (1) the existence of a common goal; (2) the nature of the underlying scheme; and (3) the overlap of participants. Id. Here, the Government argues the evidence shows a common goal and nature of the schemes in 2005 and 2011 as well as common participants. The Government is entitled to attempt to prove its case.

The Court finds that the evidence relating to the March 2005 video surveillance and tractor trailer seizure is relevant to the offenses charged in the Indictment. Specifically, the Indictment charges that the defendants conspired to possess with the intent to

distribute cocaine and marijuana from "an unknown date, through on or about June 6, 2011...." (D-41, p. 1, 2.) Drug activity from 2005 falls within the time frame charged by the Indictment. United States v. Wright, 164 Fed. Appx. 809, 814 (11th Cir. 2006) (the court found that evidence of drug activity from 1997 fell within the time period contemplated by the indictment which charged a conspiracy from an unknown date through July 18, 2003). Similarly, evidence relating to the Southwest Airline records is relevant and falls within the time frame charged. Furthermore, the evidence is not unduly prejudicial pursuant to Rule 403.

The incarceration of Thorbs and Rolle after the drug seizure in 2005 does not make the evidence irrelevant. Significantly, the fact that co-conspirators may have joined and exited the conspiracy over the years does not mean there was more than one conspiracy. Richardson, 532 F.3d at 1286.

Defendant's contention that the evidence is prohibited under Fed.R.Evid. 404(b) also fails. In this regard, the evidence is not of extrinsic acts to the offenses charged, but rather is evidence probative of the offenses charged. Wright, 164 Fed. Appx. at 814.

Finally, Defendant's claim that the evidence is barred by the statute of limitations fails. Title 18, United States Code, section 3282(a) provides that a person may not be prosecuted unless the indictment or information is brought within five years of the offense charged. The statute of limitations, however, does not

begin to run on a conspiracy until the conspiracy has ended or until a co-conspirator withdraws from the conspiracy. United States v. Adams, 1 F.3d 1566, 1581-82 (11th Cir. 1993). Here, the Government has proffered evidence of an ongoing conspiracy spanning from 2005 until June 2011. This evidence includes involvement by Defendant Smith. As such, evidence from 2005 is not time barred by the statute of limitations.

IT is therefore ORDERED that:

1) Defendant Antonio Smith's First Motion in Limine (Seizures from Truck in March 2005) (D-133) is DENIED.

2) Defendant's Second Motion in Limine (Surveillance Videos from March 2005) (D-134) is DENIED.

3) Defendant's Fourth Motion in Limine (Southwest Airline Records 1999-2004) (D-136) is DENIED.

DONE AND ORDERED in Tampa, Florida, this November 22nd, 2011.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE